## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOUGLAS DUANE DAMOUDE, | ) | 4:14CV3020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SUSAN STRONG, Judge, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on January 24, 2014.  (Filing No. 1.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.     SUMMARY OF COMPLAINT

Plaintiff brings this action against Lancaster County Court Judge Susan Strong.  The precise nature of Plaintiff's allegations is difficult to discern.  As best as the court can tell, Plaintiff alleges that Judge Strong ruled against him in some kind of  property action brought in the Lancaster County Court on January 14, 2014.  (*Id.* at CM/ECF p. 1.)  Plaintiff alleges that Judge Strong ruled against him despite there being "NO evidence of an affidavit on record or a competent witness to be cross examined."  (*Id.* at CM/ECF p. 5.)  Plaintiff further alleges that Judge Strong "should have known better."  He seeks an unspecified amount of money damages.  (*Id.* at CM/ECF p. 6.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12. (quotation omitted). Absolute judicial immunity applies to monetary

damages claims only and does not extend to suits requesting prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

Here, the actions of which Plaintiff complains were quintessential judicial acts taken by Judge Strong in a court case, performing her traditional judicial function in her judicial capacity. While Plaintiff alleges that Judge Strong had "no jurisdiction" over the subject matter at issue, his allegations make it clear that he is asserting this belief based on Judge Strong's alleged failure to "follow[] statutory procedure." (*See* Filing No. 1 at CM/ECF pp. 5-6.) These allegations are insufficient to establish a plausible claim that Judge Strong's acts were not a normal judicial function or that her actions were taken in complete absence of all jurisdiction. Indeed, the only claim being brought against Judge Strong concerns a judicial ruling. Accordingly, the Complaint against Judge Strong must be dismissed.

IT IS ORDERED:

1.    Plaintiff's Complaint is dismissed without prejudice.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 27th day of May, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.